John H. Robinson, WSB # 6-2828
JAMIESON & ROBINSON, LLC
185 W. Broadway, Ste. 101
P.O. Box 4285
Jackson, Wyoming  83001
307.733.7703
307.577.9435 FAX
robinsn@vcn.com
Attorney for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 SEP 10  AM 9 20

STEPHAN HARRIS, CLERK
CASPER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

|  |  |  |
|---|---|---|
| JUAN PAUL FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 14CV 184-S |
| | ) | |
| GEORGE MENIG, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

For his causes of action against the above defendant, the plaintiff, Juan Paul Flores complains as follows:

### Introduction

1.      On September 13, 2010, Defendant Captain George Menig maliciously and without justification or warning, used excessive force against Juan Flores while Flores was in hand-cuffs and under arrest.  At the time Menig committed the acts complained of, Flores' hands were cuffed, and he had already been searched and cleared of presenting any danger.  He posed no eminent harm, threat or danger to anyone.  Menig unnecessarily removed Flores clothes, and tazed him.  During the incident, Menig lifted Flores from the ground by the secured handcuffs

several times.   Before he brutally attacked Flores without justification, Menig commanded the other officers present to back away, from where they watched in shock as their supervisor assaulted a defenseless, and already proven harmless, individual.   As a result of this excessive force, Flores suffered severe and permanent injuries and damages.   Flores was not fleeing nor evading arrest.   Flores brings this action for money damages to redress the violation of his Civil Rights by Menig.

## Jurisdiction and Venue

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth Amendment to the Constitution of the United States.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because some claims arise under the Constitution and laws of the United States.   This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because the case is maintained to redress the deprivation – under color of state law, statute, ordinance, regulation, custom or usage – of rights, privileges and immunities secured by the Constitution pursuant to 42 U.S.C. § 1983.

4.      Accordingly, this Court has jurisdiction over plaintiff's claims.

## Parties

5.      Plaintiff Juan Paul Flores ("Flores") is a resident of the state of North Dakota.

6.      At all times relevant hereto, Defendant Menig was a resident of the State of Wyoming and a duly appointed and sworn peace officer of the city of Cody, Wyoming, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the state of Wyoming and the Cody Police Department.

7.    Menig is sued in his individual capacity.[1]

8.    Each and every act, error or omission, herein alleged to have been committed by Menig was committed within the scope of his duties of employment with the Cody Police Department.

### Facts Common to All Causes of Action

9.    By this reference, Flores incorporates each and every foregoing allegation.

10.    On September 13, 2010, Menig responded to the area of River View Drive and Highway 120 North in Park County, Wyoming to assist law enforcement officers who had responded to a radio call by Park County Deputy Rayna Wortham. Wortham reported she was flagged down by a male subject (Flores) threatening to "blow things up". Menig was "on duty" at the time.

11.    Before Menig arrived, Flores was confronted by other law enforcement officials, and searched for any explosives or explosive devices. No explosives or explosive devices were found on Flores' person.

12.    Flores was then uncuffed and officers asked Flores for his name. When Flores refused to give the law enforcement officers his name, he was then re-handcuffed and arrested for interference.

13.    When Menig arrived, Flores had already been hand-cuffed, searched, determined not to be a risk to anyone, un-hand-cuffed, re-handcuffed and arrested for interference, as previously stated herein.

---

[1] Flores reasonably presumes the Cody Police Department provided Menig with adequate and appropriate training and supervision regarding the use of force, including when to strip search an individual and how and when to use his tazer; and that the assault he endured was not the product of a policy or custom of the City of Cody's Police Department. Flores specifically reserves the right to move to amend this complaint to include supervisory and/or municipal liability claims if this reasonable presumption proves false and he discovers evidence to the contrary.

14.     After Menig arrived, he ordered the officers present to back away and then Menig lifted Flores from the ground by his cuffed hands, forcibly removed Flores' clothes, and tazed Flores.

15.     The attack described in the previous paragraph was unnecessary and included excessive force, such as unnecessary use of force with his hands and other blunt objects, such as hatchet or axe handles.

16.     At the time Menig arrived, Flores was arrested, handcuffed, had been searched and posed no harm or danger to any officer or person.

17.     As a direct and proximate result of Menig's excessive and unnecessary attack described in part herein, Flores suffered and continues to suffer injuries and damages, including, but not limited to, the following:

      a.     Violation of his Fourth Amendment constitutional right against excessive force during a lawful seizure;

      b.     Past, present and future losses including, but not limited to, physical and emotional trauma, pain and suffering, and loss of enjoyment of life; and

      c.     Expenses associated with the foregoing;

## First Cause of Action:  42U.S.C. § 1983; Fourth Amendment

18.     By this reference, Flores incorporates each and every foregoing allegation.

19.     Menig used unnecessary and excessive force in his encounter with Flores, as outlined herein, all in violation of Flores' Fourth Amendment rights under the Constitution.

20.     Flores is entitled to monetary damages for all of his injuries and losses, including but not limited to, those set forth herein, against Menig for his "under color of law" violation of Flores' Fourth Amendment right against excessive force.

21.     Flores is entitled to an award of punitive damages against Menig.

22.     Flores is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

23.

## Prayer for Relief

Plaintiff Flores hereby prays for the following relief:

1.     For an award of compensatory damages in an amount to be determined at trial;

2.     For an award of punitive damages in an amount to be determined at trial;

3.     For attorneys' fees pursuant to 42 U.S.C. § 1988;

4.     For an award of costs incurred herein; and

5.     For any further relief the Court deems just and proper.

## Demand for Trial by Jury

Plaintiff Juan Flores hereby demands a trial by jury on all claims and factual issues is this action, and herewith submits the requisite jury fee.

RESPECTFULLY SUBMITTED this 10th 10day of September 2014.

Juan Paul Flores, Plaintiff

By: _____

John H. Robinson, WSB# 6-2828
Jamieson & Robinson, LLC
185 W. Broadway, Ste. 101
P.O. Box 4285
Jackson, Wyoming  83001
307 / 733-7703
307 / 577-9435 FAX
robinsn@vcn.com