

FILED

12:28 pm, 1/8/15

**Stephan Harris**
**Clerk of Court**

# United States District Court

## For The District of Wyoming

JUAN PAUL FLORES

             Plaintiff,

      vs.

GEORGE MENIG,

          Defendant.

Civil No. 14-cv-184-S

## ORDER ON INITIAL PRETRIAL CONFERENCE

On December 18, 2014, the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming, held an initial pretrial conference in the above-entitled matter. Counsel participating were John Robinson for Plaintiff, and Melissa Westby for Defendant.

**Jurisdiction and Venue —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties; no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty

(60) days prior to the trial date.

**Claims and Defenses —**

This case arises out of a 42 U.S.C. §1983 claim by Plaintiff against Defendant. Plaintiff alleges Defendant used excessive force during an arrest on September 13, 2010. Plaintiff was intoxicated at the time and making threats about a bomb and about being a member of the Taliban.  Plaintiff alleges Defendant stripped Plaintiff of his clothes, tazed Plaintiff, and lifted him from the ground by the handcuffs several times.  Plaintiff claims he had already been proven harmless when the alleged assault occurred.  Defendant disagrees with the factual allegations made by Plaintiff and states that the timing and location of the incident were very different than alleged.  Defendant denies all the claims in Plaintiff's Complaint.  Defendant offers a number of affirmative offenses relating to both the alleged action, and Plaintiff's Complaint.  In particular Defendant asserts he acted in good faith and is entitled to qualified immunity, and that Plaintiff failed to state a claim upon which relief can be granted.

**Complexity of the Case —**

The undersigned Judge is of the opinion that this is a non-complex case.

**Rule 26(f) Scheduling Conference —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**Self-Executing Routine Discovery —**

The parties have made self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.uscourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact chambers prior to filing any written discovery motions.

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1.**

**Proposed Orders —**

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in a word processing format and emailed to wyojudgesws@wyd.uscourts.gov.

All proposed orders regarding non-dispositive motions should be submitted to Judge Rankin's chambers in a word processing format and emailed to wyojudgekhr@wyd.uscourts.gov.

**Dispositive Motions and *Daubert* Challenges**[1]

    **Filing Deadline —August 10, 2015**

    **Response Deadline — August 24, 2015**

    **Dispositive Motion Hearing—September 10, 2015 at 1:00pm**

The deadline for the parties to file all dispositive motions and *Daubert* challenges

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

together with briefs and affidavits in support thereof is August 10, 2015.

The parties shall file responsive briefs and affidavits on or before August 24, 2015.

The dispositive motions are hereby set for oral hearing before the Honorable Scott W. Skavdahl on the 10th of September at 1:00pm in Casper, Wyoming.  **The parties shall strictly comply with all provision of U.S.D.C.L.R. 7.1**.  In the event all dispositive motions have been argued and briefed before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

**Expert Witness Designation —**

> **Plaintiff's Designation Deadline — April 27, 2015**

> **Defendants' Designation Deadline — May 27, 2015**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff shall designate expert witnesses and provide Defendants with a complete summary of the testimony of each expert by April 27, 2015.  **In a personal injury lawsuit, Plaintiff's designation SHALL include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert witness.**  In accordance with U.S.D.C.L.R. 26.1(e), Defendants shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by May 27, 2015.  These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions.  *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980).  This expert designation does not satisfy the obligation to provide an expert report under FED. R. CIV. P. 26(a)(2)(B).  Plaintiff may depose Defendants' experts after the discovery cutoff date, but must complete the depositions fourteen (14) days **PRIOR** to the final pretrial conference.

**The parties shall serve upon one another, AND file with the Court, their written**

4

expert and summary reports pursuant to FED. R. CIV. P. 26(a)(2)(B) and (C).

**In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness SHALL designate that medical or mental health provider as an expert witness.**

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

**Independent Medical Examination —**

Defendants may require Plaintiff to submit to physical and psychological examinations by experts designated by Defendants any time up to five full weeks prior to the commencement of trial. Defendants shall designate said expert witnesses no later than one week after such examinations. Plaintiff may depose the examining expert witnesses any time during the last four weeks prior to trial. If Defendants conduct an examination earlier than five weeks prior to trial, Defendants must designate the opinions of the experts no later than twenty (20) days following the examination. Plaintiff may depose said expert any time prior to the commencement of trial.

**Listing of Other Witnesses — June 26, 2015**

The parties shall list all other witnesses that may be called at trial, other than the

witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before June 26, 2015.  Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness.  Copies of such witness lists shall be filed with the Court.  Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown.  Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**Discovery Cutoff Date — August 10, 2015**

The discovery cutoff date is August 10, 2015.  All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date.  All discovery depositions shall be completed by the discovery cutoff date.  Subject to the limitations set forth in FED. R. CIV. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date.

**Stipulations as to Facts — September 17, 2015**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b).  The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendants do not, and packet #3 shall include the fact to which Defendants seek to stipulate and Plaintiff does not.  The parties shall file these packets with the Court by September 17, 2015.

**Final Pretrial Conference —September 30, 2015 at 1:00pm**

A final pretrial conference in this matter has been scheduled for 1:00pm, on September 30, 2015 in the Chambers of the Honorable Scott W. Skavdahl, Casper, Wyoming.  Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS.   THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM.  If you cannot locate the form, please contact Judge Skavdahl's chambers.  All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order.  **A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) via e-mail to wyojudgesws@wyd.uscourts.gov or by U.S. Mail at least five (5) days before the final pretrial conference.**

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.**   Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order.   The parties are not required to list rebuttal witnesses or impeachment exhibits.

The Court is implementing a new system for electronic submission of exhibits to the jury.   The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of five (5) days prior to the start of trial. Counsel is required to provide their exhibits and evidence in the following electronic formats:

- Document and Photographs: .pdf, .jpg, .bmp, .tif, .gif

- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

   Regarding the file size of electronic evidence, individual files should not exceed 500MB.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.** If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

   ***A. Marking of Exhibits***: All exhibits must be marked by the parties before trial.  The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A.  In the event there are multiple parties, plaintiff or defendant, the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

   ***B. Elimination of Duplicate***.  The parties should compare the exhibits and eliminate duplicates.  If more than one party wants to offer the same exhibit, then it should be

marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

***C. Copies for the Court***.   Before trial, each party must supply four copies of all exhibits to be used at trial.   The copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LIST:** The parties' exhibit lists are to be prepared in the following format.

| Plaintiff(s) Exhibits | Objections (Cite FED. R. EVID.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|
| | | | | |
| | | | | |

\* This column is for use by the trial judge at trial.  Nothing should be entered in this column by the parties.

The following categories are to be used for objections to exhibits:

    A.    **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

    B.    **Category B**.  These exhibits are objected to on grounds other than foundation, identification, or authenticity.  This category should be used for objections such as hearsay or relevance.

    C.    **Category C**.  These exhibits are objected to on grounds of foundation, identification, or authenticity.  This category should not be used for other

grounds, such as hearsay or relevance.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION.  Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL.  THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

In bench trials, the parties shall exchange and file witness statements seven (7) days prior to the Final Pretrial Conference.  Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility.  Witness statements shall be prepared and used at trial in accordance with Judge Skavdahl's Procedure for Presentation of Direct Testimony by Witness statement, which is available on the Court's website under forms or by contacting Judge Skavdahl's chambers.

MOTIONS IN LIMINE OR MOTIONS RELATING TO THE EXCLUSION OF EVIDENCE SHALL BE FILED NO LATER THAN SEVEN (7) DAYS PRIOR TO THE **FINAL PRETRIAL CONFERENCE**.  Responses shall be filed two (2) court days before the final pretrial conference.  Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**Jury Trial — October 19, 2015**

A jury trial is set before the Honorable Scott W. Skavdahl for 9:30am on October 19, 2015, in Casper, Wyoming, and is expected to last 5 days.  This case is stacked second on the docket.  U.S.D.C.L.R. 40.1(a).

The parties SHALL exchange and file an original and one copy of their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial.  U.S.D.C.L.R. 43.2.  THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL BE SUBMITTED DIRECTLY TO JUDGE SKAVDAHL'S CHAMBERS VIA E-MAIL TO wyojudgesws@wyd.uscourts.gov.  THE INSTRUCTIONS MUST BE FORMATTED AS A SINGLE DOCUMENT FOR WORDPERFECT OR WORD AND MUST INCLUDE CITATIONS OF AUTHORITY.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted.  The parties should make every effort to agree upon the language for the statement.  To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**Settlement Possibilities —**

The settlement possibilities of this case are considered by the undersigned Judge to be FAIR.

Dated this 8th day of January, 2015.

_____
Kelly H. Rankin
U.S. Magistrate Judge

11