John H. Robinson, WSB # 6-2828
JAMIESON & ROBINSON, LLC
185 W. Broadway, Ste. 101
P.O. Box 4285
Jackson, Wyoming  83001
307.733.7703
307.577.9435 FAX
robinsn@vcn.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JUAN PAUL FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 14-CV-184-S |
| vs. ) | |
| ) | |
| GEORGE MENIG, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

The parties have agreed that certain documents being produced are protected from general disclosure and hereby stipulate and move this court for entry of this Protective Order allowing the parties to obtain the documents and limiting pretrial disclosure and use of the documents.

IT IS HEREBY ORDERED that documents containing confidential information shall be subject to this protective order and the documents and information therein held confidential by all parties and their attorneys, and shall be used only for he purposes of this

litigation.

    1.    The term "confidential" as used herein concerns documents that contain (a) employment/personnel information of George Menig, including those held by the Cody Police Department / Park County Sheriffs' Office, Wyoming POST, or any other entity holding such records.  Employee and/or personnel record information includes, but is not limited to, job applications, compensation records, evaluations, performance reviews, reprimands, internal investigations, complains, psychological evaluations and records, physical exam and medical record information; and (b) any other documents that the parties agree should be subject to this protective order.

    2.    The term "document," as used herein includes, but is not limited to: pamphlets, letters, reports, orders, policies, manuals, memoranda, handwritten or typed notes, computer printouts, computer disks, records, tape recordings, drafts, analyses, studies, summaries, bulletins, instructions, minutes, photographs, purchase orders, bills, drawings, sketches, graphs, agreements, contracts and all other written, printed or recorded matter, however produced or reproduced.  In addition, "document" refers to deposition testimony, transcripts or exhibits; pleadings; responses to requests for discovery or interrogatories; and letters between the parties' attorneys.

    3.    The Court HEREBY ORDERS that all other documents produced pursuant to this Protective Order may, but need not be, identified by the following legend or close approximation thereof:  "CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER."

4. The documents designated as confidential, shall be used only by the parties and their attorneys only for the purposes of this action. The confidential documents shall not be disclosed to the attorneys' experts and consultants unless the person to whom the documents are to be disclosed: 1) signs an agreement to be bound by this Protective Order prior to receiving any documents and 2) the original or a copy of the signed agreement is delivered to counsel for the Defendants prior to the documents being disclosed to the experts or consultants, and the documents shall be used only for purposes of this action. Neither the confidential documents nor the information contained therein shall be disclosed to any other person except: (a) to the Court as provided in paragraph 6 below; (b) to official court reporters during depositions and other proceedings attended by representatives from all parties, subject to the provisions of paragraph 7 below; (c) upon order of the Court; or (d) as stipulated in writing by the parties. All parties, attorneys and other authorized persons to whom the documents or information contained therein is disclosed shall be subject to the terms of this order and shall hold the documents and the information contained therein confidential. The parties and their attorneys have a duty to make the terms of this order clear to any authorized person to whom they disclose confidential documents or information.

5. Unless agreed in writing by the parties or as ordered by the Court, any confidential documents or any pleadings, motions, memoranda, deposition transcript or other papers which refer to or attach confidential documents or parts thereof or information

contained therein, may be submitted to or filed with the Court only under seal pursuant to court policy. Only those confidential documents or the portion or part of the pleading dealing with confidential documents shall be filed under seal. Except when under review by the Court, the sealed materials will be kept under seal and will be subject to release or inspection only upon written consent from the parties or as ordered by the Court.

6. Unless agreed in writing by the parties or as ordered by the court, if confidential material is made an exhibit to or the subject of examination during a deposition or other recorded proceeding (including hearings), arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript or recording, and (b) to place them in a sealed envelope or otherwise appropriately sealed container identifying the caption of this lawsuit and on which shall be endorsed the following legend or close approximation thereof: "THIS ENVELOPE IS SEALED PURSUANT TO PROTECTIVE ORDER, AND CONTAINS CONFIDENTIAL DOCUMENTS. IT IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT TO PERSONS AUTHORIZED TO INSPECT SAID DOCUMENTS." If the confidential portion of a transcript or recording cannot conveniently be segregated, then the entire transcript or recording shall be deemed confidential.

7. Documents designated as confidential shall be retained in a secure place in the custody of the parties' attorneys and no other location (unless filed with the court or held temporarily by a court reporter) throughout the pretrial period.

8. Notwithstanding anything to the contrary which may be set forth herein, any party shall have the right to apply to the Court at any time for an order granting other or additional protective relief with respect to confidential material.  This includes the right to ask the Court for alternative or additional procedures in regard to confidential materials that may be used or disclosed at trial or other hearing.

9. Nothing in this order prevents the party who produced the confidential documents or information from disclosing or using the document or information in any manner.

10. This order is intended to facilitate pretrial discovery while protecting the parties' expectations of privacy and confidentially.  Nothing in this order prohibits the parties the use of confidential documents at trial if other wise admissible.  This order contemplates that the parties will continue to communicate and, if possible, stipulate to any protective procedures necessary for the admission of such documents at trial.

11. Nothing in this order prevents a party from declining to produce documents that have no relevance to this lawsuit, or from redacting from documents information that has no relevance to this lawsuit, or from redacting information to protect employees' privacy where the identity of employees is not necessary to the prosecution or defense of this action.

Should a party decline to produce documents, or redact from documents any information therefrom, believed to have "no relevance" to this lawsuit, or believed to be "not necessary to the prosecution or defense of this action" as set forth herein, such party shall notify, and provide a privilege log to, all other parties sufficiently identifying the type of information or document(s) redacted or not produced, so as to provide other parties with enough information to assess the reasonableness and necessity of such declination to produce, or redaction.

12. The terms of this order shall survive and remain in full force and effect after the termination of this litigation, or until modified by further order of court.

13. The documents designated as confidential and all copies of them shall be returned to the opposing party within 30 days after termination of this litigation unless an alternative disposition is ordered by the Court or agreed to in writing by the parties.

14. If a party believes another party has violated the terms of this order and has reasonably conferred with the allegedly violating party without being able to resolve the issue, any party may apply to the Court for sanctions against the other party, or other appropriate relief, for violating the terms of this order. Sanctions may include, but are not limited to, penalties for contempt of court and a requirement that the violating party pays any damages the offended party may have suffered as a result of the violation.

DATED this \_\_\_\_\_ day of _____, 2015.

_____
UNITED STATES MAGISTRATE JUDGE