

**FILED**
*10:55 am, 7/29/15*
**U.S. Magistrate Judge**

# United States District Court
## For The District of Wyoming

JOHN PAUL FLORES,

        Plaintiff,

vs.

GEORGE MENIG,

        Defendant.

Civil No. 14-CV-184-S

---

**ORDER REQUIRING CODY POLICE DEPARTMENT TO COMPLY WITH THE SUBPOENA DUCES TECUM BY PRODUCING DEFENDANT'S PSYCHOLOGICAL EVALUATION**

---

      This matter initially came before the Court during a May 6, 2015 informal telephonic discovery conference wherein the parties discussed Plaintiff's subpoena duces tecum requesting personnel and internal investigation files from the Cody Police Department. During this conference the Court ordered the parties to work together on the terms of a stipulated protective order to address the disclosure of any subpoenaed information. The Court also granted the Cody Police Department permission to submit any documents for an *in camera* review if they questioned the relevance or discoverability. On July 24, 2015 the Court received a copy of Defendant's psychiatric evaluation to review and make a determination regarding its relevancy and potential disclosure.

      This case is brought pursuant to 42 U.S.C. §§ 1983 for violations of Plaintiff's rights guaranteed under the Constitution of the United States. "Where federal law provides the governing substantive law in a lawsuit, the federal common law of privileges will govern."

*Everitt v. Brezzel*, 750 F.Supp. 1063, 1065 (D. Colo. 1990).  Therefore, Rule 26 of the Federal Rules of Civil Procedure govern discovery.  Pursuant to Rule 26 parties to a lawsuit may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1).  The purpose of the rule is to allow broad discovery of relevant information, even if that information is not admissible at trial, so long as it is "reasonably calculated to lead to the discovery of admissible information." *Id.*  In addition, and as emphasized by controlling precedent from this circuit, a trial court has broad discretion in fashioning the terms and conditions of discovery. *See*, *e.g. Marsee v. U.S. Tobacco Co.,* 866 F.2d 319 (10th Cir. 1989).

The document in question is Defendant's pre-employment psychological assessment. The Court finds the psychiatric evaluation is relevant as it is reasonably likely to lead to the discovery of admissible evidence regarding the claims asserted in the underlying action. Even though relevant, mental health records may still be prohibited from disclosure by the psychotherapist-patient privilege.  *Jaffee v. Redmond*, 518 U.S. 1 (1996).  However, the privilege does not prevent disclosure where it is shown the patient had no reasonable expectation the communications would remain private.  *Estate of Turnbow v. Odgen City*, 254 F.R.D. 434, 437 (D. Utah 2008).

Numerous courts have declined to extend the Psychotherapist-patient privilege to pre-employment psychological evaluations of police officers, finding no reasonable expectation of privacy could exist since the officers knew the evaluations would be provided to their potential employers. *Id*;  *See also*: *Scott v. Edinburg,* 101 F.Supp.2d 1017, 1020 (N.D. Ill.

2000); *Kamper v. Gray* 182 F.R.D. 597, 599 (E.D. Mo. 1998); *James v. Harris Co.,* 237 F.R.D. 606, 611-12 (S.D. Tex. 2006).  Here, Defendant's psychiatric assessment was conducted in the context of the police department's hiring evaluation and was provided to the City of Cody Police Department.  As a result, Defendant did not have any reasonable expectation the evaluation would remain private.

Upon completion of the *in camera* review the Court finds Defendant's Psychiatric evaluation is both relevant and discoverable pursuant to Federal Rule 26(b)(2).  Therefore, the Court orders the Cody Police Department to provide Plaintiff with Defendant's psychiatric evaluation.  All information contained in the file is subject to the existing Protective Order [Doc. 19].  If any party believes the existing Protective Order is not sufficient, the parties may submit a reasonable protective order.

NOW, THEREFORE, IT IS ORDERED the Cody Police Department provide Plaintiff with the psychiatric evaluation within seven (7) calendar days of this Order.

IT IS FURTHER ORDERED the evaluation is subject to the existing Protective Order [Doc. 19].

Dated this 29th day of July, 2015.

                                                                                        _____
                                                                                        Kelly H. Rankin
                                                                                        U.S. Magistrate Judge