Peter K. Michael
Attorney General

John D. Rossetti
Deputy Attorney General

Theodore R. Racines [Wyo. Bar No. 6-3603]
Senior Assistant Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, WY 82002
(307) 777-5996
(307) 777-8920 Facsimile
torey.racines@wyo.gov

Scott E. Kolpitcke [Wyo. Bar No. 6-3083]
Copenhaver, Kath, Kitchen & Kolpitcke, LLC
224 N. Clark
Powell, Wyoming 82435
(307) 754-2276
scott@ckattorneys.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JUAN PAUL FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 14-CV-184-S |
| vs. ) | |
| ) | |
| GEORGE MENIG, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR SANCTIONS FOR VIOLATION OF STIPULATED PROTECTIVE ORDER

**COMES NOW**, Defendant George Menig, by and through the Wyoming Attorney General's Office, and the City of Cody, Wyoming a municipal corporation, by and through Copenhaver, Kath, Kitchen & Kolpitcke, LLC, and move this Court to impose sanctions against the Plaintiff for causing public disclosure of documents in violation of this Court's protective order and request the Court set a hearing on this motion. In support thereof, Menig and the City of Cody state:

1. On May 15, 2015, the parties filed a Stipulated Motion for Protective Order. (Doc. 18).

2. The parties entered into Stipulated Motion for Protective Order because the Plaintiff had subpoenaed confidential documents from the Cody Police Department, including internal investigation documents and personnel files. That subpoena duces tecum was served on counsel for the City of Cody on March 18, 2015.

3. On May 19, 2015 the court entered a Stipulated Protective Order. (Doc. 19).

4. The Stipulated Protective Order intended to facilitate pretrial discovery while protecting parties' expectations of privacy and confidentiality, and also ensuring compliance with state laws that require the City of Cody to maintain such records as confidential. (*Id*. at ¶ 10).

5. The Stipulated Protective Order provides the protocol by which documents designated confidential must be maintained to protect against public disclosure. (*Id*. at ¶¶ 3-8).

6. The Stipulated Protective Order requires that any pleadings filed with the Court, which refer to confidential documents or information contained in confidential documents, must be filed under seal pursuant to court policy. (*Id*. at ¶ 5).

7. On or about July 28, 2015, the City of Cody produced confidential documents pursuant to the subpoena that were subject to the protective order. These documents included Menig's personnel file with the City of Cody, and internal investigation files of the City of Cody.

8. On July 29, 2015, Magistrate Judge Rankin issued an Order requiring the City of Cody to provide the Plaintiff with a copy of Menig's pre-employment psychological assessment. While requiring disclosure, the Court further required that "[a]ll information contained in the file is subject to the existing Protective Order [Doc. 19]." (Doc. 24 at p. 3).

9. On September 21, 2015, Plaintiff's attorney, John Robinson, filed a designation of his police practices expert, Donald P. Van Blaricom as a public document. (Doc. 27).

10. The Plaintiff also filed Van Blaricom's expert opinion report as an attachment to the designation.

11. Van Blaricom's expert opinion report refers to and contains portions from both the City of Cody's internal investigation documents and Menig's pre-employment psychological assessment.

12. Because the Plaintiff filed Van Blaricom's opinion report as an unredacted public document, the public was able to access confidential information that was subject to this Court's Protective Order.

13. On October 1, 2015, the Powell Tribune published an article about Van Blaricom's expert opinion report and the confidential information contained therein. The published article, entitled "Documents: Former officer violated Cody department policy in 2010 strip search" was available both in print form, and on the Powell Tribune website. The Cody News Company, an online outreach of the Powell Tribune, also maintains the article online.

14. Compounding the harm is the fact that Van Blaricom's report is a piece of advocacy on behalf of the Plaintiff that cherry-picks references within the confidential documents to portray the Defendant in a negative light. Van Blaricom's expert report omits information, including information favorable to Menig. The Plaintiff's publication of confidential information, and the Plaintiff's selective use of that information to publish a document which attempts to tarnish the image of the

Defendant, undermines the very reasons for the Stipulated Protective Order, which was to protect the parties' expectation of privacy and confidentiality. In addition, it potentially jeopardizes the Defendant's opportunity for a fair trial.

15. On October 2, 2015, the Casper Star Tribune, and Billings Gazette published abbreviated versions of the Powell Tribune article, which referenced the confidential documents subject to the Protective Order.

16. On or about October 2, 2015 the Big Horn Radio Network reported the information contained the Powell Tribune article via radio news report, and has posted a digital article online.

17. Menig and the City of Cody assert that the other media outlets that have reported this information including: Associated Press, ABC Fox Montana, The Sheridan Press, GeoNews, The Ranger - Digest, and the Basin Radio Network.

18. On October 2, 2015, Plaintiff's counsel took steps to bring Van Blaricom's report into compliance with the Protective Order, converting the filing to a non-public document.

19. On October 7, 2015, Cody City Attorney Scott Kolpitcke, Robinson and Menig's counsel, Theodore Racines conferred by telephone in an attempt to resolve the issues presented by the violation of the protective order. However, all agreed that the bell could not be unrung - that media reports containing protected information remained available to public discovery, including via internet.

20.	Menig has suffered harm from the release of confidential information in violation of the protective order.

21.	The City of Cody has likewise suffered harm caused by the Plaintiff's release of the confidential information in violation of the Protective Order.

Wherefore, Defendant George Menig and the City of Cody respectfully request that the Court impose sanctions against the Plaintiff for committing a violation of the Protective Order.

**DATED** this 28th day of October 2015.

/s/ Theodore R. Racines
Theodore R. Racines
Senior Assistant Attorney General
Attorney for George Menig


/s/ Scott E. Kolpitcke
Scott E. Kolpitcke
Copenhaver, Kath, Kitchen & Kolpitcke, LLC
Attorney for City of Cody and the Cody Police Department

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed using the CM/ECF system on the 28th day of October, 2015, and a copy was sent to the following individuals:

| | |
|---|---|
| John H. Robinson, WSB # 6-2828<br>JAMIESON & ROBINSON, LLC<br>185 W. Broadway, Ste. 101<br>P.O. Box 4285<br>Jackson, Wyoming  83001<br>robinsn@vcn.com | [✔] CM/ECF |

                          /s/ MaryBeth Jones
                          Office of the Wyoming Attorney General