John H. Robinson, WSB # 6-2828
JAMIESON & ROBINSON, LLC
214 South Grant Street
Casper, Wyoming   82601
307.235.3575
307.577.9435 FAX
robinsn@vcn.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| JUAN PAUL FLORES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 14-CV-184-S |
| vs. | ) | |
| | ) | |
| GEORGE MENIG, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S WITNESS LIST

**COMES NOW** Plaintiff, by and through his counsel of record, John H. Robinson of Jamieson and Robinson, LLC, and hereby submits his *Witness List*, attached hereto as Exhibit 1.

**DATED** this 20th day of November 2015.

JUAN PAUL FLORES, Plaintiff

_____/SS/_____
John H. Robinson, WSB # 6-2828
JAMIESON & ROBINSON, LLC
185  W. Broadway, Ste 101
P. O. Box 4285
Jackson, Wyoming   82601
307.733-7703
307.577.9435 FAX
robinsn@vcn.com
Attorney for Plaintiff

<u>**Exhibit 1**</u>
<u>**Plaintiffs' Witness List**</u>

The following witnesses were previously listed in Plaintiff's Rule 26 Disclosures and Self Executing Discovery.

    1.    Juan P. Flores
           c/o Jamieson & Robinson
           185 W. Broadway, Suite 101
           P. O. Box 4285
           Jackson, WY 83001

Mr. Flores is the plaintiff in this matter. He may be called to testify as to his recollections of the case-related events as they transpired on or about September 13, 2010, to what he learned, saw, and experienced in the hours leading up to and following the incident that is the subject of this litigation. He may be called to testify as to the chronology of events, the communication exchanges he had with the law enforcement personnel and the events as they surround his arrest on or about September 13, 2010. He may be called to testify as to his injuries and the emotional toll the events have taken on him and any treatment he received as a result of these events. In addition, the plaintiff may be called to testify as to any matters discussed in his deposition, if taken.

    2.    Defendant, George Menig
           c/o Wyoming Attorney General's Office
           Cheyenne, Wyoming 82001

The Defendant was employed by the Cody Police Department as Assistant Chief of Police. He may be called to testify as to his recollections of the case-related events as they transpired on or about September 13, 2010, to what he saw, heard and learned about the incident that is the subject of this litigation. He may be called to testify as to what actions or inactions he took with regards to the Plaintiff, any policy, procedure or training he relied upon as he dealt with the Plaintiff and any communications he had with any civil or law enforcement individual(s) regarding the Plaintiff and his arrest. He may be called to testify as to any documents, electronic communications or any tangible evidence he has seen or created with regards to this matter. He may also be called to testify regarding the Policies & Procedures of the Cody Police Department and/or the Cody Detention Center.

Additionally, he may be called to testify as to any matters discussed in his deposition, if taken.

    3.      Officer Tom Caudle
           15 Scenic View Dr.
           Cody, WY 82414

Officer Caudle was employed by the Cody Police Department at the time of the events as they surround this litigation. He may be called to testify as to his recollections of the case-related events as they transpired on or about September 13, 2010, to what he saw, heard and learned about the incident that is the subject of this litigation He may be called to testify as to what actions or inactions he took with regards to the Plaintiff, any policy, procedure or training he relied upon as he dealt with the Plaintiff and any communications he had with any civil or law enforcement individual(s) regarding the Plaintiff and his arrest. Additionally, he may be called to testify as to any matters discussed in his deposition, if taken.

    4.      Officer Van Auken
           Cody Police Department
           Cody, WY 82414

Officer Van Auken is employed by the Cody Police Department. He may be called to testify as to his recollections of the case-related events as they transpired on or about September 13, 2010, to what he saw, heard and learned about the incident that is the subject of this litigation He may be called to testify as to what actions or inactions he took with regards to the Plaintiff, any policy, procedure or training he relied upon as he dealt with the Plaintiff and any communications he had with any civil or law enforcement individual(s) regarding the Plaintiff and his arrest. Additionally, he may be called to testify as to any matters discussed in his deposition, if taken.

    5.      Officer Scott Burlingame
           Cody Police Department
           Cody, WY 82414

Officer Burlingame is employed by the Cody Police Department. He may be called to testify as to his recollections of the case-related events as they transpired on or about September 13, 2010, to what he saw, heard and learned about the incident that is the subject of this litigation He may be called to testify as to what actions or inactions he took with regards to the Plaintiff, any policy, procedure or training he relied upon as he dealt with the Plaintiff and any communications he had with any civil or law enforcement individual(s) regarding the Plaintiff and his arrest. Additionally, he may be called to testify as to any matters discussed in his deposition, if taken.

    6.      Deputy Rayna Wortham
           Cody Police Department
           Cody, Wyoming 82414

Deputy Wortham was employed with by the Park County Sheriff's Office at the time of this incident. She may be called to testify as to her recollections of the case-related events as they transpired on or about September 13, 2010, to what she saw, heard and learned about the incident that is the subject of this litigation. She may be called to testify as to what actions or inactions she took with regards to the Plaintiff, any policy, procedure or training she relied upon as she dealt with the Plaintiff and any communications she had with any civil or law enforcement individual(s) regarding the Plaintiff and his arrest. Additionally, she may be called to testify as to any matters discussed in her deposition, if taken.

The following witnesses have become known to the Plaintiff through discovery and are "may call" witnesses.

      7.      Jennifer Rosencranse
            City of Cody – Former Administrator

Ms. Rosencranse was the City Administrator in 2013 and performed an Internal Investigation to determine whether the Defendant violated policies and procedures with regard to the September 13, 2013 incident involving the arrest of the Plaintiff. She may be called to testify as to what her job position, duties and responsibilities were with the City of Cody and her employment with the City. She may be called to testify as to how the determination was made that she perform the Internal Investigation and as to the report(s), letter(s) memoranda(um) she prepared for this Investigation and as the result of her investigation. Additionally, she may be called to testify as to any matters discussed in her deposition, if taken.

      8.      Perry Rockvam
            City of Cody – Former Administrator

Mr. Rockvam was the Chief of Police for the City of Cody in 2013 and was the Defendant's supervisor at the Police Department. He may be called to testify as to his job duties and responsibilities, and to his knowledge of the Defendant's job performance. He may be called to testify as to his education, training and experience for and with the Cody Police Department, as well as to his interactions with officials of the City of Cody. He may testify that he assisted in the Internal Investigation that Ms. Rosencranse performed on the Defendant, and what he did for that Investigation. He may testify as to the results of the Internal Investigation and what he learned, heard and discussed during the Investigation. He may testify as to any document or materials he created during the Investigation and additionally, he may be called to testify as to any matters discussed in his deposition, if taken.

     9.     Sheryl Pachl
              One Main
              Fargo, ND

     Ms. Pachl is a caseworker at Off Main in Fargo, North Dakota, a mental help facility where Plaintiff resides.  She may be called to testify as to her job duties and responsibilities and how and what services she provides to the Plaintiff.  She may be called to testify as to Plaintiff's mental and physical condition, how she works with Plaintiff and her duties to the Plaintiff.  She may testfy that she was worked with Plaintiff for years and has seen his progression over those years.  Additionally, she may be called to testify as to any matters in her deposition, if taken.