John H. Robinson, WSB # 6-2828
JAMIESON & ROBINSON, LLC
214 South Grant Street
Casper, Wyoming   82601
307.235.3575
307.577.9435 FAX
robinsn@vcn.com

Terry W. Mackey WSB # 4-1149
Terry  W. Mackey, P.C.
706 Ridgeland Street
Cheyenne, Wyoming   82009
307.635.7517
Terry.mackey@twmpclaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JUAN PAUL FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 14-CV-184-S |
| vs. ) | |
| ) | |
| GEORGE MENIG, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS FOR VIOLATION OF STIPULATED PROTECTIVE ORDER

Comes now the Plaintiff, by and through his counsel of record, and hereby responds to Defendant's *Motion for Sanctions for Violation of Stipulated Protective Order* [Doc. 30] as follows:

On May 15, 2015, the parties hereto stipulated to entry by the court of a Protective Order relating to certain materials to be delivered to Plaintiff in response to a *Subpoena Duces Tecum* for Records issued upon the City of Cody and the Cody Police Department.  Some of the materials requested concern the Defendant and his employment with the Cody Police Department.

On May 19, 2015 this Court entered a Stipulated Protective Order relating to confidential information contained in some of the records provided to Plaintiff. The parties stipulated and agreed "* * * certain documents being produced are protected from general disclosure" and that the parties were "* * * [allowed] to obtain the documents" with limited pretrial disclosure and use.

Subsequent to the entry of the *Stipulated Protective Order* [Doc. 19], the City of Cody produced documents as requested by the subpoenas. Some of those documents were labeled "Confidential" and some were not. Plaintiff made this information available to his expert witness who prepared a report as required by the Federal Rules of Civil Procedure and by the Local Rules of Civil Procedure.

On September 21, 2015 Plaintiff filed *Plaintiff's Expert Witness Designation* [Doc. 27] as required by the Rules of Civil Procedure. The witness' report was attached thereto as Exhibit 1. It was filed in the open records of the Court. A small portion of that report (less than one page of fourteen) made reference to information that had been provided by the City of Cody in response to Plaintiff's subpoena.

Neither Plaintiff's counsel, nor counsel for Defendant Menig realized the mistake until Defendant advised his counsel about an October 1, 2015 Powell Tribune article making reference to information contained in *Plaintiff's Expert Witness Designation* and report. On October 2, 2015, and upon receiving an Email from Defense counsel concerning the public filing of the report, Plaintiff's counsel immediately contacted the Court and had the designation and report sealed. Plaintiff's counsel telephoned and spoke with the author of the article advising him that a portion of the information contained in the report was confidential and covered by the Stipulated Protective Order. A request was made to honor the confidentiality provisions, which the author agreed to do. Other media published

condensed versions of the article on October 2, 2015 that did not appear to contain references to the confidential material in the expert designation and report.

On October 28, 2015, Defendant filed his Motion for Sanctions for Violation of Stipulated Protective Order [Doc. 30] (apparently purporting to be filed on behalf of the City of Cody as well)[1]. The parties agreed that Plaintiff shall have up to and including November 23, 2015 to file his response to the motion.

In his motion, Defendant has made several allegations including the following:

> "14. Compounding the harm is the fact that [Plaintiff's expert] report is a piece of advocacy on behalf of the Plaintiff that cherry-picks references within the confidential documents * * *. In addition, it potentially jeopardizes the Defendant's opportunity for a fair trial. * * *.
> 20. [Defendant] has suffered harm from the release of confidential information in violation of the protective order.
> 21. The City of Cody has likewise suffered harm caused by the Plaintiff's release of the confidential information in violation of the Protective Order."

Defendant requests that the Court impose sanctions against Plaintiff for committing a violation of the protective order.

It is not clear what if any legal basis Defendant relies upon for the imposition of sanctions.[2] Paragraph 14 of the *Stipulated Protective Order* permits a party who alleges a violation may apply for sanctions, or other appropriate relief for violating the terms of the order. Other than the allegations referred to above, no factual basis for harm has been demonstrated, and no bad faith has been demonstrated. On the contrary, it is clear that as soon as Counsel for the Plaintiff learned of the inadvertent disclosure, it was immediately corrected. There is no demonstration of any prejudice to the Defendant by the disclosures.

---

[1] The City of Cody is not a party to the litigation, nor to the Stipulated Protective Order. Counsel for the City of Cody has not yet entered an appearance in this case as required by Rule.

[2] *Smith & Fuller, PA v. Cooper Tire & Rubber Co.* 685 F.3d 486 (5th Cir. 2012); *Lipscher v. LRP Publications, Inc.* 266 F.3d 1305 (11th Cir. 2001); *see* 80 University of Chicago Law Review 1355.

CONCLUSION

While it is clear that information covered by the Stipulated Protective Order was inadvertently disclosed, it is equally clear that the error was immediately rectified. There is no evidence of any deliberate violation or bad faith on the part of Plaintiff. Sanctions under these circumstances are unwarranted. Defendant's motion should be denied

RESPECTFULLY SUBMITTED this 20th day of November 2015.

                                              JUAN PAUL FLORES, Plaintiff

By: _____/SS/_____
     Terry W. Mackey
     Terry W. Mackey, P.C.
     706 Ridgeland St
     Cheyenne, Wyoming   82009
     307-635-7517
     Terry.mackey@twmpclaw.com

*Counsel for Plaintiff Flores*

CERTIFICATE OF SERVICE

The foregoing *Plaintiff's Response to Defendant's Motion for Sanctions* has been submitted this 20th day of November 2015, to the following parties:

| | |
|---|---|
| Torey R. Racines, WSB #6-3603<br>Wyoming Attorney General's Office<br>123 Capitol Building<br>Cheyenne, Wyoming   82002<br>Telephone:  307.777.8904<br><br>*Counsel for Defendant Menig* | ☐  U. S. P. S. (hard copy)<br>☐  Telefax   307/ 777-8920<br>☐  Hand deliver<br>☑  Electronic mail<br>   *torey.racines@wyo.gov*<br>   *mary.beth.jones@wyo.gov* |
| Scott Kolpitcke<br>Copenhaver, Kath, Kitchen & Kolpitcke, LLC<br>224 N. Clark<br>P. O. Box 839<br>Powell, Wyoming   82435<br>Telephone 307.754.2276<br><br>*Counsel for City of Cody and Cody Police Dept.* | ☐  U. S. P. S. (hard copy)<br>☐  Telefax<br>☐  Hand deliver<br>☑   Electronic mail<br>   *scott@ckattorneys.net* |

_____/*ss*/_____
K. A. Bachert