United States District Court

For The District of Wyoming

FILED

2:27 pm, 11/24/15

U.S. Magistrate Judge

JUAN PAUL FLORES,

        Plaintiff,

vs.

GEORGE MENIG,

        Defendant.

Civil No. 14-CV-184-SWS

**ORDER GRANTING MOTION FOR SANCTIONS FOR VIOLATION OF STIPULATED PROTECTIVE ORDER [DOC. 30]**

This matter is before the Court on Defendant's Motion for Sanctions for Violation of Stipulated Protective Order [Doc. 30]. The Court having carefully considered the Motion and Responses, and having heard oral arguments from counsel, on November 24, 2015, FINDS:

**BACKGROUND**

This case is originally before the Court on Plaintiff's claim that Defendant violated 42 U.S.C. 1983. Compl. 4, Sept. 10, 2014, ECF No. 1. Specifically, Plaintiff claims his constitutional rights were violated after Defendant allegedly stripped Plaintiff of his clothes, tazed him, and lifted him off of the ground by handcuffs several times. *Id.* Defendant responded to Plaintiff's claims by denying the allegations and asserting qualified immunity. Answer 3-5, Nov. 14, 2014, ECF No. 7.

During discovery in this matter, the Parties agreed to a Stipulated Protective Order. The Protective Order defines "confidential information" exchanged between the Parties as

1

information or documents containing "employment/personnel information of [Defendant]" and "any other documents that the parties agree should be subject to this [P]rotective [O]rder." Stipulated Protective Order 1-2, May 19, 2015, ECF No. 19. Additionally, the Order provides that any confidential documents filed with the Court must be filed under seal. *Id.* at 3.

In July, Defendant provided Plaintiff with a copy of his personnel file, internal investigation file, and psychological assessment. Mot. for Sanctions for Violation of Stipulated Protective Order 3, Oct. 28, 2015, ECF No. 30. While each of these documents were subject to the Protective Order, Plaintiff's attorney filed a designation of expert witnesses containing an expert report that disclosed information derived from Defendant's confidential files as a public document. *Id.* Subsequently, the Powell Tribune obtained the expert report and published an article revealing Defendant's confidential information. *Id.* at 4. The article was re-reported by numerous other media sources, including the Associated Press, ABC, the Casper Star Tribune, and the Billings Gazette. *Id.* at 5. As a result, Defendant has filed a motion to sanction Plaintiff's attorney for the release of confidential information in violation of the Protective Order.

**DEFENDANT'S MOTION FOR SANCTIONS FOR VIOLATION OF STIPULATED PROTECTIVE ORDER [DOC. 30]**

In his Motion, Defendant argues sanctions against Plaintiff's counsel are appropriate because Plaintiff's counsel filed an expert report containing confidential information as a public document. *Id.* at 3-4. Defendant alleges that this allowed the media to obtain confidential information and relay that information to the public through publications and

broadcasts. *Id.* at 4-5. As a result, Defendant claims to have suffered harm to his reputation and opportunity for a fair trial. *Id.* at 5-6.

### PLAINTIFF'S RESPONSE [DOC. 38]

Plaintiff generally opposes Defendant's Motion and request it be denied. While Plaintiff concedes confidential information was released to the public, Plaintiff denies any bad faith, harm, or prejudice to Defendant. Pl.'s Resp. to Def.'s Mot. for Sanctions for Violation of Stipulated Protective Order 3, Nov. 20, 2015, ECF No. 38. Furthermore, Plaintiff notes that as soon as counsel was made aware of the confidential information, counsel immediately contacted the Court and sealed the expert report, contacted the author of the article releasing the confidential information, and prevented other media outlets from publishing the confidential information. *Id.* at 2-3.

### RULING OF THE COURT

The issue before the Court is whether Plaintiff's Counsel should be sanctioned for filing an expert report containing confidential information as a public document in violation of the Stipulated Protective Order. In the Tenth Circuit, "[a] district court undoubtedly has discretion to sanction a party . . . for failing to comply with local or federal rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988). The Federal Rules of Civil Procedure allow the Court to issue sanctions if a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Additionally, in this case, the Parties agreed sanctions could be requested for a violation of the Protective Order. Stipulated Protective Order 5.

Determining the proper sanction for violation of a discovery order is a factual inquiry within the district court's discretion. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.

1992). However, the sanction "must be both 'just' and 'related to the particular claim which was at issue in the [discovery order].'" *Id.* (citing *Ins. Co. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). To reach a just sanction, courts examine "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988).

Here, Plaintiff's counsel undoubtedly violated the Protective Order. The Protective Order provides Defendant's employment records, including information related to internal investigations and psychological evaluations, are confidential and must be filed under seal. Stipulated Protective Order 1-2. Contrary to the Order, Plaintiff's counsel filed Plaintiff's Expert Witness Designation [Doc. 27] which contained an exhibit disclosing information derived from Defendant's employment application and pre-employment psychological assessment. Pl.'s Expert Witness Designation Ex. 1, 2, Sept. 21, 2015, ECF No. 27-1. This exhibit was filed as a public document, which allowed members of the media to access the exhibit and publish confidential information. Mot. for Sanctions for Violation of Stipulated Protective Order 4. Furthermore, Plaintiff's counsel concedes that he violated the Protective Order. Pl.'s Resp. to Def.'s Mot. for Sanctions for Violation of Stipulated Protective Order 2. Therefore, because Plaintiff's counsel violated the Protective Order, the Court has the discretion to impose a sanction. *Reed*, 312 F.3d at 1195.

In analyzing the facts to impose a proper sanction, the Court notes Plaintiff's counsel has taken responsibility for his actions and acted immediately to rectify his mistake. Pl.'s Resp. to Def.'s Mot. for Sanctions for Violation of Stipulated Protective Order 2. Upon discovering the error, Plaintiff's counsel contacted the Court to file the report containing

confidential information as non-public and contacted the author of the article to redact confidential provisions. *Id.* No facts suggest Plaintiff's counsel intentionally violated the protective order in an attempt to harm Defendant. However, the Court also acknowledges the potential harm and embarrassment created by the published articles as confidential information about Defendant was made public. Mot. for Sanctions for Violation of Stipulated Protective Order 5-6. Based on these facts, the Court finds little culpability on behalf of the litigant and little interference with inference with judicial process. *Ocelot Oil Corp.*, 847 F.2d at 146. Additionally, without more specific harm alleged by Defendant, the Court finds Defendant has suffered a slight degree of prejudice. *Id.* Thus, the Court finds a just sanction in this case is the oral reprimand issued at the hearing held November 24, 2015. The Court reminds Plaintiff's counsel that documents filed with the Court must be filed in accordance with the Federal Rules of Civil Procedure, Local Court Rules, and Orders of the Court to ensure the confidential and sensitive information of parties in these types of cases is adequately protected. Furthermore, the Court advises counsel to be more cautious when filing documents containing confidential or harmful information in the future.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Sanctions for Violation of Stipulated Protective Order is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's counsel adhere to the oral reprimand issued by the Court.

Dated this 24th day of November, 2015.

_____
Kelly H. Rankin
U.S. Magistrate Judge